IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN L. RAY,<br>　　Plaintiff | : | Civil No. 3:19-cv-0994 |
| | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| FEDERAL BUREAU OF PRISONS,<br>NORTHEAST REGION<br>　　Defendant | : | |
| | : | |
| | : | |

### **MEMORANDUM**[1]

Pending before the Court is Ray's "Emergency Motion to Compel" (Doc. 49) filed in the above-captioned closed *Bivens* action.[2] Ray seeks the Court to reduce his sentence or direct his release to a halfway house because LEXIS/NEXIS has published this Court's screening Memorandum which exposes "sensitive information" placing his life, and that of his family, at risk of harm. (*Id.*) The Court will construe Ray's motion to compel as a motion to seal the Court's screening order. Ray has also filed a motion to compel the Court to address his motion to seal. (Doc. 50.) For the reasons that follow, Ray's motions will be denied.

---

[1] This matter was reassigned to the undersigned following the passing of the Honorable A. Richard Caputo.

[2] *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

I.    Relevant Background and Procedural History

On February 25, 2019, Ray filed a 20 page complaint in the United States District Court for the Western District of New York.  (Doc. 1.)  In his Complaint he claimed the Bureau of Prisons ("BOP") misclassified him resulting in his unnecessary placement at high security facilities rather than preferable minimum-security facilities.  He added that after serving as a BOP confidential informant and receiving threats from other inmates, the BOP placed him in protective custody for extended periods of time.  He claimed his conditions of confinement in protective custody violated the Eighth Amendment.  Additionally, he presented "a chronology of events that speak volumes" as to his assistance to the BOP's Special Investigative Services ("SIS").  (*Id.* at 2.)  Due to his substantial assistance to the BOP he sought a reduction of his sentence or his compassionate release.  Ray named a single Defendant, the "BOP, Northeast Region".  (*Id.*)

On June 10, 2019, the Western District of New York transferred the matter to this Court.  (Doc. 12.)

After Ray paid the filing fee, the Court dismissed the complaint on screening but granted him leave to file an amended complaint.  *See* Doc. 37; *see also Ray v. Fed. Bureau of Prisons, N.E. Region*, Civ No. 3:19-CV-0994, 2019 WL 5772046 (M.D. Pa.  Nov. 5, 2019).  After Ray failed to file a timely amended complaint, the Court closed the case.  (Doc. 41.) On December 26, 2019, the Court denied Ray's motion for reconsideration.  (*See* Docs. 43, 44.)

- 3 -

Ray filed a notice of appeal with the United States Third Circuit Court of Appeals on January 31, 2020.  (Doc. 47.)  The appellate court dismissed the appeal on March 24, 2020 due to Ray's failure to pay the filing fee.  (Doc. 51.)  Ray's motion to reopen his appeal is currently pending.  Although the Third Circuit informed Ray that if he paid the filing fee or submitted a properly supported motion to proceed *in forma pauperis* by May 5, 2020, a panel of the court would consider his motion, *see Ray v. Bureau of Prisons*, No. 20-1108 (3d Cir.) (docket sheet), as of the date of this Court's Memorandum, Ray has failed to pay the filing fee or submit a motion for IFP.

## II.     Discussion

The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed.  *Griggs v. Provident Consumer Discount* Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.  The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (per curiam); *see also United States v. Santarelli*, 929 F.3d 95, 106 (3d Cir. 2019) (same).  However, whereas as is the case here, Ray's motion to seal, raises an issue collateral to the issues raised in his notice of appeal, the Court may address the post-judgment motion.

Ray's motion will be denied as he has failed to demonstrate that the interest in the secrecy of the memorandum and order outweighs the presumption of their public accessibility.[3]

It is well-established that there is a "common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). A "judicial record" is a document "filed with the court … or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *In re Avandia Mktg., Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). This presumption, however, is not absolute and may be rebutted. *United States v. Janssen Therapeutics*, No. 19-1376, 2019 WL 7212265, at *3 (3d Cir. Nov. 13, 2019) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1998)).

Notwithstanding the strong presumption in favor of the accessibility of judicial records, district courts may seal documents "when justice so requires." *Leap Sys., Inc. v. Moneytrax, Inc.*, 638 F.3d 216, 221 (3d Cir. 2011). "The party seeking to overcome the presumption of access bears the burden of showing 'that the interest in secrecy outweighs the presumption'" and disclosure will cause the proponent "a clearly defined and serious injury." *Avandia*, 924 F.3d at 671. A party seeking to preclude the disclosure of a judicial document "must demonstrate that 'good cause' exists for the order." *Id.* at 671 (quoting

---

[3] Ray's motion is further subject to dismissal due to his failure to file a brief in support of his motion. *See* Pa M.D. Local Rule 7.5.

*Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). "Good cause" can be established by "showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (citation omitted). In defining the injury, the party must be specific; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Avandia*, 924 F.3d at 673.

      The Public Access to Court Electronic Records (PACER) is an electronic access service that allows the public access to obtain case and docket information for U.S. district, bankruptcy, and appellate courts. *See https://www.pacer.gov/* (last visited May 19, 2020). Docket pleadings and other filings are generally available to the public immediately once filed with the Court. While the Court does not publish its opinions to third parties, unsealed information available to the public on PACER is frequently published by online legal research providers.

      Ray's Complaint in this matter was available to the public via PACER soon after it was filed in the Western District of New York. Similarly, other actions he has filed seeking relief on the same basis as presented in this action have also been available to the public via PACER. Ray provided pages of detailed information as to how he allegedly assisted the BOP's SIS during his incarceration at various facilities. Comparatively, pages 6 through 8 of the Court's screening memorandum of which Ray complains, provide only a cursory recounting of the allegations of Ray's Complaint without recitation of the names of the

inmates arrested or disciplined as a result of his assistance to the SIS. The opinion simply recites the allegations of his Complaint. (*Compare* Docs. 1, 36.)

Furthermore, Ray never requested the Western District of New York, or this Court, to seal or otherwise restrict access to his Complaint or any other document in this matter until after the Court dismissed his action. Thus, there was no basis then, or now, for the Court to seal its opinions in this matter. See *Millhouse v. Ebbert,* 674 F. App'x 127 (3d Cir. 2017) (*per curiam*).[4] Ray's allegation of harm due to the Court's use of "sensitive information" in its screening memorandum is undercut by the fact that the information is benign compared to that revealed by the level of detail he provided in his own Complaint, which he never sought to seal. Considering these facts, Ray presents no compelling reason to seal the Court's screening memorandum. The motion will therefore be denied.

---

[4] As the Third Circuit in *Millhouse* noted:

> Miller asserted in both actions that, if the District Court's opinions remained publicly available, they could lead other inmates to brand him as a "rat." In its opinion in the first action, however, the District Court merely repeated the allegation in Millhouse's own petition (which he did not seek to seal) that prison personnel had wrongfully given him that reputation. The opinion did not provide any specifics in that regard or suggest that Millhouse actually had informed on other inmates.
>
> Similarly, in its opinion in the second action, the District Court merely repeated assertions contained in the Government's response (which Millhouse also did not seek to seal) that Millhouse disclaimed his involvement in a plot to escape by claiming that another inmate was involved but that he was not. The District Court did not express any opinion on anything that Millhouse may have said. Millhouse also did not allege that the public availability of this information for over one year had resulted in any threats or that its continued availability might result in any particular threat in the future.

*Millhouse,* 674 F. App'x at 128.

- 7 -

Finally, to the extent Ray sought his release from prison as an alternative remedy to his motion, such relief is not available via a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

A separate order follows.

                 *s/ Robert D. Mariani*
                 Robert D. Mariani
                 United States District Judge